IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES TOOLEY, )
 )
       Plaintiff, )
vs. ) Case No. CIV-11-110-KEW
 )
CITY OF KONOWA, OKLAHOMA )
and DAVID S. YOUNG, )
 )
       Defendants. )

## OPINION AND ORDER

This matter comes on for consideration of Defendant City of Konowa, Oklahoma's Motion for Summary Judgment filed September 23, 2011 (Docket Entry #24) and Defendant David S. Young's Motion for Summary Judgment filed September 23, 2011 (Docket Entry #26). The Motions are at issue, having had timely responses and replies filed in relation to them.

Defendant David S. Young ("Young")[1] was, at all times relevant to this action, a reserve police officer for Defendant City of Konowa, Oklahoma ("City"). David Knaggs ("Knaggs") and Gary Whitson ("Whitson")[2] were full time police officers employed by the City. On a day shortly before September 4, 2009, the Konowa Police Department received a dispatched request from the Seminole County Sheriff's Office to keep a look out for a black or dark S-10 SUV of a person identified as Joe Bounds, who resided in Konowa.

---

[1] Young is referred to throughout the discovery in this case as either "David Sean Young," "Sean Young," and "Sean Taylor." This Court will maintain the identifier used in the filing of the Petition of "David S. Young."

[2] Officer Whitson is now deceased. Officer Knaggs was named in this case but was dismissed when Plaintiff was unable to obtain service upon him.

At the time, the City had in effect a mutual aid agreement with the County of Seminole. The information was provided to each police officer on duty on September 4, 2009.

On the evening of September 4, 2009, Plaintiff was driving his black 1999 Chevrolet Blazer in Konowa. When coming into Konawa, Plaintiff observed two police cars parked at a car wash. Another police car drove toward Plaintiff near the edge of town. Plaintiff was aware of the police officer following him after the officer got out of the city limits and claims that the officer turned on his overhead lights after he left the city limits.[3] Plaintiff pulled off the road. He got out of his vehicle and walked back to the patrol unit driven by Whitson, asking "What the hell did you stop me for?"

Remaining in his patrol unit, Whitson motioned Plaintiff to "get back, get back, get back." Plaintiff walked between his vehicle and the patrol unit. Whitson exited his patrol unit and stated, "Get in your car or I'll arrest you." Plaintiff said, "'Arrest me,' because still [he] hadn't done anything wrong."

Plaintiff testified Whitson "throwed me on his car and started twisting my arm –." Plaintiff states he caught his leg "to where

---

[3] Although Defendants contend Plaintiff also had an expired tag on his vehicle which he confirmed in his deposition, no evidence appears in the record to indicate the officers involved in this stop relied upon this condition to pull Plaintiff's vehicle over. As a result, Defendants cannot now rely upon the tag to justify the stop. It should also be noted that Plaintiff disputes that his tag was expired in his response to the summary judgment motions.

2

my keys usually hang when I'm standing. And I got a knot about that big right there where he threw me over that cow catcher on the front of his car, and started twisting my arm."

At this point in the encounter, Knaggs approached the scene yelling "resisting arrest." Knaggs twisted Plaintiff's left arm and put handcuffs on him. The handcuffs were not big enough to go around Plaintiff's wrist and it took both officers to squeeze them together and put the handcuffs on Plaintiff's wrists.

Both Knaggs and Whitson loaded Plaintiff into Whitson's police car. They "had to fold [Plaintiff] up pretty good to stuff [him] in it." Knaggs bent Plaintiff's head down to put him into the police car. Plaintiff could not have gotten into the car if the officers had not "wadded [him] up and shoved [him] in."

Plaintiff was in the police car for five to ten minutes before Young let him out of the car. Plaintiff "hollered at [the officers] three or four times" before Young came to him. Plaintiff may have hit his right elbow on the door jam of the police car when Young got him out of the car. He did not inform anyone of this, however. Young took the handcuffs off Plaintiff and asked for Plaintiff's identification. Plaintiff got his billfold out and officers obtained his driver's license and returned his billfold. Young put the handcuffs on Plaintiff in front of him. Plaintiff remembers that the handcuffs had cut his hands while Plaintiff was cuffed behind his back by Knaggs and Whitson.

3

Plaintiff testified Young "tried to be a gentleman when it come to that." Plaintiff does not know who put him back in the police car. It might have been Young but "it wasn't eventful getting in that second time." Other than possibly putting Plaintiff back in the police car, Young did nothing in the arrest other than remove the handcuffs and replace them in front of Plaintiff.

Plaintiff also testified in his deposition that he believed Young was the officer who "set him up" to be stopped by Whitson. No evidence is presented in Plaintiff's response, however, to substantiate this suspicion.

Plaintiff was arrested and charged with disobeying a lawful order and resisting arrest. The charges were dismissed.

Plaintiff was placed in the Seminole City Jail "bull pen" for approximately one hour. During that time, he was attended by EMS personnel due to the cuts on his wrists. Brad Morgan, Chief of Police for the City of Konawa, called the Seminole City Jail and had Plaintiff released from jail on his authority, to appear at hearings and/or trial on his tickets.

On March 9, 2011, Plaintiff initiated this case by filing a Petition in the District Court in and for Seminole County, Oklahoma. Plaintiff alleges claims against the City for false arrest and assault and battery as a result of the actions of its employees, Whitson, Knaggs, and Young, while acting within the

4

scope of their employment. He also brings claims against Young and Knaggs, individually, for violation of his Fourth Amendment rights guaranteed by the United States Constitution against unreasonable searches and seizures and tort claims for gross negligence while acting outside the scope of their employment. Defendants removed the action to this Court on March 28, 2011.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere

allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Generally, government employees are immune from personal liability if their conduct is reasonable in light of clearly established law and the information that the employee possessed at the time of their actions. Davis v. Scherer, 468 U.S. 183, 190 (1984); Harlow v. Fitzgerald, 457 U.S. 800 (1982). The evaluation of a summary judgment motion on the issue of qualified immunity is treated somewhat differently than other summary judgment issues. Once a defendant raises a qualified immunity defense, a plaintiff bears a heavy burden to establish that a defendant has violated clearly established law. Hannula v. City of Lakewood, 907 F.2d 129, 130-31 (10th Cir. 1990); Lutz v. Weld County School District, 784 F.2d 340, 342-43 (10th Cir. 1986). A plaintiff must "come forward with facts or allegations to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988). In making this determination, Plaintiff must demonstrate "that right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated that right." Maestas v. Lujan, 351 F.3d 1001, 1007 (10th Cir. 2003)(citation omitted).

Young has moved for summary judgment on the constitutional claims asserted against him on the grounds that Plaintiff has failed to identify a constitutional violation by him and that he is entitled to qualified immunity. Plaintiff's responses to the summary judgment motions of the City and Young are nearly identical. As a result, some of the arguments made in the response to Young's Motion are wholly inapplicable to the claims Plaintiff has asserted in the original Petition. Giving Plaintiff every consideration in interpreting the constitutional claims asserted against Young, this Court finds Plaintiff has asserted claims for unlawful arrest and excessive force in violation of his Fourth Amendment constitutional rights.

As to the unlawful arrest claim, Plaintiff's detention began as one for an investigative detention but matured into an arrest when Plaintiff failed to comply with Whitson's instructions to return to his vehicle. The arrest was initiated by Whitson and furthered by Knaggs. Young did not personally participate in the arrest itself but only bettered Plaintiff's condition by his own admission by removing the handcuffs and making them more comfortable by putting them on in front of Plaintiff. Young also placed him back in the patrol unit. Individual liability under Section 1983 must be based in personal involvement in the alleged constitutional violation. Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997) citing Grimsley v. MacKay, 93 F.3d 676, 679 (10th

Cir. 1996). The undisputed evidence indicates Young did not personally arrest Plaintiff as the detention was already accomplished when he arrived at the scene. To the extent Plaintiff asserts Young should have concluded the allegedly unlawful arrest and not stood by and permitted it to continue, Young was reasonable in relying upon the allegations of resisting arrest as alleged by the other officers at the scene. Id. at 1424.

The second constitutional claim asserted by Plaintiff is one for excessive force. To prevail on this claim, Plaintiff must show (1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional. Cortez v. McCauley, 478 F.3d 1108, 1129 n.25 (10th Cir. 2007). Young did not use any greater force than necessary to rearrange Plaintiff's handcuffs to make them more comfortable and to place him back into the patrol unit. Plaintiff does not allege any extraordinary use of force to accomplish these valid tasks. Plaintiff might have been cut by the handcuffs when they were originally put on him by Whitson but the evidence does not indicate Plaintiff suffered any further injury through the actions of Young. By Plaintiff's own admission, Young attempted to act as a gentleman and did not use excessive force in placing him back in the patrol unit. As a result, this Court finds that Young did not violate Plaintiff's constitutional rights as

8

alleged in the Petition.

Even if some violation could be gleaned from the facts alleged, Young is entitled to qualified immunity. None of his actions could be said to violate clearly established law or that a reasonable officer would have known that his actions were violating Plaintiff's constitutional rights.

The remainder of the claims asserted against Young and the City are based in state tort law. This Court need not reach these claims since the sole basis for federal jurisdiction lies in the federal question represented in Plaintiff's constitutional claims under 42 U.S.C. § 1983. Supplemental jurisdiction over the gross negligence claim asserted against Young and the false arrest and assault and battery claims against the City is declined, this Court having dismissed all claims over which it possesses original jurisdiction. 28 U.S.C. § 1367(c)(3). The remaining state law claims will be remanded to state court for disposition.

IT IS THEREFORE ORDERED that Defendant David S. Young's Motion for Summary Judgment filed September 23, 2011 (Docket Entry #26) is hereby **GRANTED**, in part, as to the Section 1983 claims asserted in Plaintiff's Petition. Accordingly, all Section 1983 claims are hereby **DISMISSED**. The Motion is **MOOT** as to the remaining state law claim asserted in the Petition against Young based solely upon this Court's declination to exercise its supplemental jurisdiction.

IT IS FURTHER ORDERED that Defendant City of Konowa, Oklahoma's Motion for Summary Judgment filed September 23, 2011 (Docket Entry #24) is deemed **MOOT** as this Court declines to exercise its supplemental jurisdiction over the state law claims asserted against the City.

IT IS FURTHER ORDERED that this action is hereby **REMANDED** to the District Court in and for Seminole County, Oklahoma for further disposition on the remaining state law claims.

IT IS SO ORDERED this 26th day of April, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE